[Civ. Nos. 8231, 8232. First Appellate District, Division Two.—February 1, 1932.]

HENRY P. MAGILL, Respondent, v. DUDLEY M. DAVENPORT et al., Defendants; GUARDIAN INVESTMENT CORPORATION OF CALIFORNIA (a Corporation), Appellant.' (Two Cases.)

Lewis Cruickshank and Donald Armstrong for Appellant.

William A. Conover for Respondent.

TUTTLE, J., *pro tem.*—This is an appeal from two judgments against defendant and appellant Guardian Investment Corporation of California. The actions were brought to foreclose two mortgages, and to recover upon a breach of implied warranty under section 3146 of the Civil Code. The court rendered judgment in one case for damages in the

sum of $1286.13, and for $1213.78 in the other. Both appeals are upon the judgment-roll in each case, and are here consolidated. The findings in each case are identical.

The findings are extensive, taking up some twenty-five pages of the transcript. Briefly summarized, these findings disclose the following salient facts: On February 11, 1926, defendants Dudley M. and Eva M. Davenport, executed and delivered two promissory notes to defendant Harry L. Bone, said notes being each in the sum of $4,500, and secured by mortgages. During the year 1926 defendant Investment Company was engaged in the investment and brokerage business with defendants Harrison and Menefee as vice-president and general manager and secretary, respectively. During the month of February, 1926, defendant Bone transferred said notes and mortgages to defendants Harrison and Menefee. The notes were indorsed upon the transfer as follows:

"For value received, we do hereby transfer and assign to ———, the within note, together with all rights accrued or to accrue under the mortgage or deed of trust, securing the same, so far as the same relates to this note and without recourse on us.

"HARRY L. BONE."

On June 15, 1926, defendant Investment Company, acting as agent of Harrison and Menefee, delivered these notes and mortgages to plaintiff, who paid for each note the sum of $5,292.58. Prior to such delivery, the date "4–22–1926" was placed above said indorsement, and the name of plaintiff was written in the blank space therein by defendant Menefee. The fact that defendant Investment Company was acting as agent for Harrison and Menefee was not disclosed to plaintiff, nor were the names of such owners disclosed. The original complaint in each of these cases was an ordinary one for the foreclosure of a mortgage, and appellant was not a party thereto. After eighteen months of reflection, and after numerous amendments had been made, the complaint emerged in its present form, bringing in appellant, and alleging the facts we have set forth, and many others.

Upon these facts the court entered its interlocutory judgment, awarding damages against the Investment Company (sole appellant here) in one case for the sum of $6,342.70

and in the other for $6,275.10, and ordering a sale of the real property under the foreclosure, and directing that the net proceeds from such sale be applied upon the judgments. Thereafter, a final judgment was rendered in each case against appellant, as stated above.

The sole question presented is, will the findings support the judgment? The theory of respondent is, that "The judgment against appellants is for damages for breach of an implied warranty in negotiating the notes and mortgages by delivery." He relies upon section 3146 of the Civil Code, which provides:

"Every person negotiating an instrument by delivery or by a qualified endorsement, warrants—

"1. That the instrument is genuine, and in all respects what it purports to be;

"2. That he has a good title to it;

"3. That all prior parties had capacity to contract;

"4. That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless."

He also relies upon section 3150 of the Civil Code, which provides:

"Where a broker or other agent negotiates an instrument without endorsement he incurs all the liabilities prescribed by section three thousand one hundred forty-six, unless he discloses the name of his principal, and the fact he is acting only as agent."

Respondent contends that two implied warranties were breached by appellant, to wit: That the instrument was genuine, and that appellant had a good title to the same.

As to the first warranty relied upon, it is based solely upon the act of appellant in dating and filling in the name of plaintiff, to whom it was being transferred. These additions were made to the *indorsement* of the original owner, and appellant, as the agent for the owners Harrison and Menefee, acted properly and within its rights when it thus changed the blank indorsement to a special indorsement. This is authorized by section 3116 of the Civil Code, which provides that "the holder may convert a blank endorsement into a special endorsement by writing over the signature of the endorser in blank any contract consistent with the character of the endorsement". "Thus the

holder may write over the blank endorsement an endorsement in full to himself, or to any other person, . . . or in transferring the bill he may fill the blank endorsement with the name of the new holder and thus avoid personal liability and risk of loss." (8 C. J., p. 361, sec. 540.) We conclude that the addition of the date and the name of plaintiff did not constitute an alteration of the instrument. It was a lawful conversion of a blank indorsement into a special indorsement, and no breach of warranty can be predicated thereon.

As to the second breach complained of—that appellant had a good title to the instruments—we cannot conceive how any of the facts found authorize a recovery of damages from appellant. There is a total lack of causal connection between such breach and the damages alleged to have flowed therefrom. The plaintiff acquired good title to these instruments, and the court by its judgment established such title. Neither the pleadings nor the findings disclose any issue made upon this question. If the title had proven defective, and some other party had established his ownership of the instruments, there might be a basis for this contention. But here we find plaintiff establishing his title, selling the mortgaged property under foreclosure, and receiving the proceeds from such sale. It would seem as though he were attempting, by indirection, to fasten the deficiency upon this appellant.

We conclude that the findings are insufficient to support the judgment in each of these cases, and accordingly the judgment in each is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1932.